IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-167-RAW |
| JASON JAVON FRANKLIN, MARIELLE TRAMANIE SMITH, SHERL DEAN BATISE, and NICHOLES ANDREW KERR, | |
| Defendant. | |

## ORDER

Before the court is Defendant Sherl Dean Batise's Motion for Severance ("Defendant Batise") [Dkt. No. 125]. Mr. Batise moves for severance, arguing that he will face prejudice due to the amount of evidence against two of the co-defendants, Jason Franklin and Marielle Smith, the fact that Defendants Franklin and Smith face the death penalty while Mr. Batise does not, and finally, because a joint trial would violate his Sixth Amendment rights [Dkt. No. 125 at 3]. For the foregoing reasons, the Motion [Dkt. No. 125] is DENIED.

### I. Legal Standard

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id*. Rule 8(b) "is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States* v. *Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980).

1

Whether to grant a severance of defendants who have been properly joined is in the discretion of the court, and "a defendant has a heavy burden to show prejudice by the joinder." *Id*. Severance is required only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro* v. *United States*, 506 U.S. 534, 539 (1993). Severance is not warranted by a mere allegation that the defendant would have a better chance of acquittal in a separate trial or a complaint of the "spillover" effect from the evidence that is more damaging against a codefendant than against the moving party. *United States* v. *Yurek*, 925 F.3d 423, 436 (10th Cir. 2019). The Tenth Circuit has outlined a three-step inquiry for use when a defendant requests a severance. *United States* v. *Armenta*, No. 23-7035, 2024 WL 4784958, at *3 (10th Cir. Nov. 14, 2024) (citing *United States* v. *Pursley*, 474 F.3d 757, 765 (10th Cir. 2007)).

First, the court "must determine whether the defenses presented are 'so antagonistic that they are mutually exclusive." *Pursley*, 474 F.3d at 765 (citing *United States* v. *Peveto*, 881 F.2d 844, 857 (10th Cir. 1989)). "Second, because '[m]utually antagonistic defenses are not prejudicial per se,' a defendant must further show 'a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (citing *Zafiro* v. *United States*, 506 U.S. 534, 539 (1993)). Finally, "if the first two factors are met, the trial court exercises its discretion and 'weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.'" *Id*. (citing *Peveto*, 881 F.2d at 857).

## II. Defendant Batise Failed to Show that Severance is Warranted Due to Prejudice

In the present case, Defendant Batise is charged with Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1117, Conspiracy to Tamper with a Witness and Informant by Killing, in

violation of 18 U.S.C. §§ 1512 (a)(1)(A), 1512(k), and 1512 (j), Use of Interstate Commerce facilities (automobile) in the Commission of a Murder for Hire, in violation of 18 U.S.C. §§ 1958 and 2, Murder in Indian Country, in violation of 18 U.S.C. §§ 1111 (a), 1151, 1152, and 2, and Murder in Perpetration of Burglary in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, 1152, and 2. Defendant Batise argues that his trial should be severed from that of his co-defendants because the evidence pertains mostly to the actions of Jason Franklin and Marielle Smith, making it difficult for the jury to properly consider the evidence against Mr. Batise. Unlike Mr. Smith and Mr. Franklin, Mr. Batise is not facing the death penalty, and therefore, Mr. Batise argues that he will be subjected to spillover prejudice from the jury. Finally, Mr. Batise argues that a joint trial will violate his Sixth Amendment confrontation clause rights [Dkt. No. 125].

At the outset, the court notes that Mr. Batise does not argue that his planned defenses are mutually antagonistic to those of his co-defendants. *See generally* Dkt. No. 125. Thus, he fails to establish the first prong of the analysis proscribed in *Pursley*. 474 F.3d at 765. Instead, Defendant Batise argues that he will face spillover prejudice in a joint trial. Specifically, he argues that he will face the same prejudice described by the Court in *Zafiro*. *Zafiro* v. *United States*, 506 U.S. 534, 545 (1993). In *Zafiro*, the Supreme Court held that when defendants have been properly joined pursuant to Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Mr. Batise asserts that the evidence against him is slight, while there is a significant amount of alleged evidence against his co-defendants that does not pertain to him. Consequently, the jury will be too bogged down by the evidence against his co-defendants to give proper consideration to his guilt or innocence, thus compromising his right to a fair trial [Dkt. No. 125 at 4].

The court disagrees. The allegations against the Defendant make him a central part of the conspiracy alleged by the government, and this case is not so complicated that the jury will be unable to parse effectively the guilt or innocence of the individual defendants. Here, the government alleges that Mr. Batise drove Defendant Franklin to the Victim's residence so that Franklin could kill the Victim [Dkt. No. 132 at 4]. The Government does not allege that Mr. Batise was involved in every act taken in furtherance of the conspiracy, and thus Mr. Batise is correct that the Government will likely present evidence about actions taken by other co-defendants and not himself. However, the introduction of evidence that is more relevant to the co-defendants does not warrant severance. *See United States* v. *DeVarona*, 872 F.2d 114, 120 (5th Cir. 1989) ("In any event, joinder would not be improper merely because a defendant did not participate in every act alleged in furtherance of the overarching conspiracy.") Additionally, a disparity in the amount of evidence does not equate to prejudice and does not necessitate severance, at least not in this case. *United States* v. *Zapata*, 536 F.3d 1179, 1191 (10th Cir. 2008). The record here does not suggest that the facts are so "intricate or complex as to render the jury unable to segregate the evidence associated with each defendant's individual actions". *Id*. The jury will be instructed to consider the guilt or innocence of each defendant separately. Mr. Batise does not point to anything in the record indicating that the jury will be unable to comply with this instruction. Thus, severance is not warranted based on Defendant Batise's assertion that the majority of the evidence will pertain to his co-defendants.

Defendant Batise also argues that he will suffer spillover prejudice in a joint trial because two co-defendants are facing death penalty charges, and he is not. This argument also fails. There is no rule that defendants facing the death penalty cannot be tried alongside defendants who are not facing the death penalty. *See United States* v. *Sanchez*, 75 F.3d 603 (10th Cir. 1996). Indeed,

when the prosecution is alleging a conspiracy, it is often preferable to try the conspirators jointly. *See United States* v. *Ward*, 793 F.2d 551, 556 (3d Cir. 1986) ("Participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another.") Additionally, Defendant Batise does not identify any prejudice posed by joinder with death penalty eligible defendants beyond the issues of the volume of evidence against his co-defendants that have already been discussed. Therefore, Defendant Batise fails to show that a joint trial with the other alleged co-conspirators would subject him to unfair prejudice simply because two of the co-defendants face the death penalty.

Additionally, Defendant Batise anticipates that the government will introduce statements from alleged co-conspirators or hearsay that "does not relate to Mr. Batise" that will be unable to effectively cross-examine but will nevertheless "artificially inflate" the case against him, leading to a conviction based on guilt by association [Dkt. No. 125 at 6]. Therefore, under *Bruton*, Defendant Batise argues that his inability to confront these statements would violate his Sixth Amendment confrontation clause rights. *Id*. citing *Bruton* v. *United States*, 391 U.S. 123, 124-29 (1968). *Bruton* endorses severance when inculpatory statements from co-defendants are admitted into evidence. *Id*. *Bruton* also only applies to testimonial statements. Both definitions of testimonial articulated by the Tenth Circuit require the statement to be "formal," and additionally, statements made in furtherance of a conspiracy are not testimonial. *See United States* v. *Cark*, 717 F.3d 790, 816 (10th Cir. 2013); *United States* v. *Yurek*, 925 F.3d at 437. Defendant Batise does not provide the court with enough information to determine whether any statements might warrant severance under *Bruton*.

5

In the present case, Defendant Batise does not describe the alleged substance of the hypothetical statements the Government could offer. Mr. Batise only states that he anticipates "irrelevant co-defendant hearsay" that he will not be able to rebut [Dkt. No. 125 at 5]. At a minimum, Defendant Batise's request is premature given that there is no way for the court to determine at this time whether any such statement is testimonial or whether Mr. Batise would be unable to confront the statements. Presently, there is no indication that the government intends to introduce an inculpatory testimonial statement from a co-defendant that does not pertain to the furtherance of the conspiracy. Thus, Defendant Batise has failed to show that severance is warranted on this basis.

In sum, Defendant Batise has failed to show that he will be prejudiced by a joint trial with the co-defendants much less that any prejudice would outweigh the important considerations of judicial economy and judicial administration gained through a joint trial. *Peveto*, 881 F.2d at 857.

Wherefore, the premises considered, Defendant Batise's Motion for Severance [Dkt. No. 125] is DENIED.

**IT IS SO ORDERED** on this 9th day of October 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**